## Murphy *vs.* Simpson.

ERROR TO ANDERSON CIRCUIT.

1. Swapping horses on the Sabbath day is a violation of the statute, (*Revised Statutes, page* 265,) and no contract arising out of it is enforceable.
2. Where the statute has in view the protection of public morals, a contract arising out of its infringement cannot be supported, though the statute does not expressly declare the contract unlawful, yet the annexing a *penalty* implies a prohibition.

Judge SIMPSON delivered the opinion of the court.

ORD. PET,

Case 13.

14bm337
f132   654

June 27.

Case stated.

These parties traded and exchanged horses on the Sabbath day, and this action was brought by one of them against the other, on account of an alleged unsoundness in the horse he had got from him. The plaintiff's action was based upon a warranty of soundness. The defendant stated, in his answer, that the contract relied upon by the plaintiff was made and executed on the christian Sabbath, and that neither the plaintiff nor defendant were members of any religious society who observed as a Sabbath any other day in the week than Sunday or the christian Sabbath. The circuit court decided that this defense was insufficient, and the plaintiff recovered a verdict and judgment for forty dollars in damages. To reverse that judgment the defendant has prosecuted this writ of error.

The defense relied upon in this case is founded on the statute which provides, that "no work or business shall be done or performed on the Sabbath day, unless the ordinary household offices of daily necessity, or other work of necessity or charity ; and if any person on the Sabbath day shall himself be found at his own or any other trade or calling, or shall employ his apprentices, servants or slaves or other person, bond or free, in labor or other business, whether the same be for profit or amusement, unless such as is permitted above, he shall be fined two dollars for each offense." (*Revised Statutes, page* 265.)

MURPHY
vs.
THOMPSON.

1. Swapping horses on the Sabbath day is a violation of the statute, (*Revised Statutes*, *page* 265,) and no contract arising out of it is enforcible.

2. Where a statute has in view the protection of public morals, a contract arising out of its infringement cannot be supported. Though the statute does not expressly declare the contract unlawful, yet the annexing a *penalty* implies a prohibition.

The exchange of horses by the parties on the Sabbath day was evidently a business prohibited by the statute, and for the doing of the act the parties were liable for the penalty which the statute inflicts.

It is a well established doctrine of the law, that where a statute has in view the protection of the public morals, a contract, arising out of any particular act, infringing its provisions, cannot be supported, although the statute merely inflict a penalty for the doing of the act, and do not *expressly* declare the contract unlawful. In such a statute, a *penalty implies a prohibition.*

In the case of *Ray, &c. v. Catlett and Buck*, 12 B. *Monroe*, 533, it was held, that the mere acceptance of a note on the Sabbath did not involve the person accepting it in any of the consequences resulting from a breach of the law by the other party, unless he knew that the note had been made as well as delivered on Sunday. And the court also said, that it was not prepared to decide that the mere execution and delivery of a note, or its mere acceptance on Sunday was laboring in any trade or calling, unless it be a part of some other transaction done also on Sunday, which may be regarded as labor in some trade or calling.

The opinion delivered in that case, impliedly admits, that a contract forming a part of some transaction done on the Sabbath, which might be regarded as labor in some trade or calling, would be illegal, and could not be enforced.

Our statute does not merely prohibit a person from doing work on the Sabbath day, in his own trade or calling, but the prohibition embraces work or business in his own or any *other trade* or *calling*, and applies to every description of secular labor or business, except the ordinary household offices of daily necessity, or other work of necessity or charity.

Exchanging, or as it is usually termed, swapping horses, is as much a trade or business as selling a horse, or any other commodity would be. It is a violation of the statute, when done on the Sabbath day.

The act is illegal, and consequently no contract arising out of it is enforceable. The statute should not be extended by construction, to embrace cases which are not clearly within its obvious meaning, but at the same time it should be fairly construed, with a view to the accomplishment of the objects contemplated by the legislature in its enactment.

The defense in this case is a valid one and should have been sustained.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

KAVANAUGH for plaintiff; DRAFFIN for defendant.

MURPHY
vs.
THOMPSON.

By the following section of the Code of Practice in Civil Cases, (page 234,) adopted by the Legislature at the session of 1853–4, which went into operation on the first day of July, 1854, reports of decisions of the Court of Appeals are required to be made in accordance with its provisions, which are as follows :

" Section 906. In the publication of the reported " decisions of the Court of Appeals, it shall be the " duty of the reporter to make a short abstract of the " facts of the case involved in the decision, followed " by the legal propositions made by counsel in the " argument on both sides, with the authorities relied " on for ther support.